Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ROBERTO QUIÑONES RIVERA<br><br>Peticionario<br><br>v.<br><br>ELA DE PUERTO RICO, ET ALS<br><br>Recurrido | TA2026CE00800 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2026CV02037<br><br>Sobre: Violación de Derechos Civiles |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece ante este tribunal apelativo, por derecho propio e *in forma pauperis*,[1] el Sr. Roberto Quiñones Rivera (el señor Quiñones Rivera o el peticionario) mediante el escrito intitulado *Petición de Certiorari* solicitándonos que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 22 de mayo de 2026, notificada ese mismo día. En dicho dictamen, el foro primario declaró *No Ha Lugar* a una solicitud de designación de abogado de oficio.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido.

**I.**

El 27 de abril de 2026, el peticionario, el Sr. Pablo Toro Matos y el Sr. Ralph Nieves Castro instaron una demanda sobre violación de derechos civiles y daños y perjuicios en contra del Estado Libre

---

[1] Declaramos *Ha Lugar* a la petición.

Asociado de Puerto Rico, el Departamento de Corrección y Rehabilitación y otros codemandados.[2] En síntesis, alegaron que el personal de la institución correccional Bayamón 501 ha permitido y promovido que ciertos confinados, que identificaron como parte de la denominación protestante evangélica, ataquen e insulten a confinados de otras denominaciones. Añadieron que ello ha sido promovido mediante la autorización y permiso para que estos realicen actividades alegadamente multitudinarias en las unidades de vivienda carcelarias, esto sin que dichos confinados hayan sido acreditados como capellanes. Sostuvieron que dichas acciones le han provocado daños y perjuicios tanto a ellos y como al resto de los confinados no creyentes o militantes de otras denominaciones religiosas. Por dichas acciones, solicitaron una indemnización no menor $5,000 por los daños y perjuicios causados a su persona; así como el pago de costas, gastos y honorarios de abogado, en el caso de que el tribunal, por la complejidad del caso les designara representación legal de oficio. Asimismo, reclamaron temeridad al amparo de la Sección 1988 del Título 42 del Código de los Estados Unidos (42 US Sec. 1988); así como cualquier otro remedio que en derecho procediera.

Posteriormente, el 22 de mayo de 2026, el TPI emitió y notificó una *Sentencia Parcial* desestimando la demanda en cuanto a los demandantes el Sr. Pablo Toro Matos y el Sr. Ralph Nieves Castro.[3] Fundamentó su determinación en que estos no pagaron los aranceles correspondientes y tampoco completaron la solicitud para litigar como indigentes.

En la misma fecha, el foro *a quo* emitió y notificó la *Resolución* recurrida, en la que expresó:[4]

> …**No existe un derecho constitucional a asistencia legal en casos de naturaleza civil**. Por tal razón, y

---

[2] SUMAC TPI, Entrada núm. 7.
[3] SUMAC TPI, Entrada núm. 6.
[4] *Íd.*

> tratándose de un caso de daños y perjuicios, este tribunal declara NO HA LUGAR la solicitud de asignación de abogado de oficio hecha por el demandante.
>
> **La parte demandante, quien reconoce no tiene conocimiento legal para representarse por derecho propio debido a la complejidad del caso, debe gestionar la contratación de un abogado**. Note que existe la contratación de abogado por honorarios contingentes, entiéndase que dicho profesional cobra sus honorarios solo si prevalece en el pleito y por un porcentaje de la cantidad concedida por el tribunal como compensación por los daños y perjuicios. [Énfasis en el original y nuestro]
> ....

No obstante lo anterior, le refirió al señor Quiñones Rivera una lista de instituciones, que le podrían proveer servicios legales gratuitos, para que este pudiera contactarlas y auscultar la posibilidad de que alguna de estas aceptara representarle.

Inconforme con el dictamen, el peticionario acude ante este foro apelativo imputándole al foro primario los siguientes señalamientos de error:

> ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL REQUERIRLE AL DEMANDANTE, SO PENA DE ARCHIVAR EL CASO, INFORMAR EN EL TÉRMINO DE (30) DÍAS LAS GESTIONES REALIZADAS Y EL RESULTADO DE SOLICITUD DE REPRESENTACIÓN LEGAL A LAS ENTIDADES QUE LE REFIRIÓ AL DEMANDANTE, Y/O COMPARECER POR CONDUCTO DE ABOGADO, BASÁNDOSE EN QUE EL DEMANDANTE HA SOLICITADO QUE SE LE ASIGNE UN ABOGADO DE OFICIO PARA REPRESENTARLO EN EL CASO DEBIDO A LA COMPLEJIDAD DEL CASO; IGUALMENTE, QUE RECONOCE NO TIENE CONOCIMIENTO PARA REPRESENTARSE POR DERECHO PROPIO DEBIDO A LA COMPLEJIDAD DEL CASO.
>
> ABUSÓ DE SU DISCRESIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR E INFORMARLE AL DEMANDANTE, BAJO ERROR MANIFIESTO, QUE EXISTE LA CONTRATACIÓN DE ABOGADO POR HONORARIOS CONTINGENTES, AL NO EXISTIR EN EL SISTEMA CORRECCIONAL DE PUERTO RICO UNA ESTRUCTURA DE BÚSQUEDA INFORMATIVA QUE LE PERMITA A LOS MIEMBROS DE LA POBLACIÓN CORRECCIONAL LOCALIZAR ABOGADOS QUE LITIGUEN CASOS DE NATURALEZA CIVIL QUE ACEPTEN REPRESENTAR LEGALMENTE CONFINADOS POR HONORARIOS CONTINGENTES. TAMPOCO EN EL SISTEMA JUDICIAL DE PUERTO RICO, QUE ESTÉ ACCESIBLE A SU LUGAR DE CONFINAMIENTO.

## II.

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63, dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de

otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020).

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

**Derecho de representación legal**

Respecto al derecho de estar asistido de representación legal en los procesos criminales, nuestro más alto foro expresó en *Pueblo v. Rivera,*167 DPR 812, 816 (2006), lo siguiente:

> La Sec.  11 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico garantiza que "[e]n todos los procesos criminales, el acusado disfrutará del derecho... a tener asistencia de abogado. . .". Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 327 (Sec. 11).
>
> Además del citado precepto constitucional, el derecho a una adecuada representación legal en los procedimientos criminales se ha consagrado como parte fundamental de la cláusula de debido proceso de ley. *Pueblo v. Ríos Maldonado*, 132 D.P.R. 146, 163 (1992).

Ahora bien, en el recurso ante nuestra consideración nos encontramos ante un caso de naturaleza civil. Sobre este particular, nuestra máxima *Curia* resolvió en *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 670 (2000), citando a *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 785 (1988), que en el ámbito de lo civil "no se reconoce el derecho de asistencia de abogado a los litigantes". Esto es, ni siquiera existe un derecho a tener representación legal durante un pleito civil.

No obstante, advertimos que, en *Pueblo v. Morales*, 150 DPR 123, 133 (2000), nuestro más alto foro ordenó al Colegio de Abogados y a los jueces administradores de las diferentes regiones judiciales a mantener un registro *ad hoc* con los nombres de abogados que no practiquen el derecho penal para que presten servicios legales gratuitos a personas indigentes en casos de naturaleza civil. Al respecto, decretó que:

> ... -hasta que se disponga de otro modo-, las delegaciones del Colegio de Abogados y los Jueces Administrativos de las diferentes regiones judiciales deben mantener un registro *ad hoc* paralelo, con los nombres de abogados que, por razones válidas, sean dispensados por los tribunales de prestar servicio profesional de naturaleza penal. *Los abogados incluidos en este Registro podrán estar sujetos a prestar gratuitamente servicios legales en casos relacionados con las personas indigentes.*

A tenor con lo antedicho, el 12 de octubre de 2018, nuestro Tribunal Supremo aprobó el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico,* 4 LPRA Ap. XXXVIII, (2022), el cual entró en vigor el 1 de enero de 2020.

En el Capítulo I de este cuerpo legal, intitulado ***Interpretación del Reglamento***, dispone la Regla 1, que: "Recae sobre el Estado el deber de garantizar el acceso a la representación legal a personas de escasos recursos económicos, como corolario al principio constitucional de igualdad ante la ley del Artículo II, Sección 1 de nuestra Constitución. Al amparo de este deber, se implementa un sistema de asignaciones de oficio para procedimientos de naturaleza civil y penal en los tribunales de Puerto Rico."

A su vez, la Regla 2 preceptúa que:

> ...
>
> ... Estas Reglas se interpretarán de forma que promuevan el acceso a los tribunales mediante la representación legal gratuita a personas de escasos recursos económicos que cualifiquen como indigentes al amparo de las normas y los procedimientos establecidos en este Reglamento y de los criterios económicos establecidos por la Oficina de Administración de los Tribunales.

Nada de lo dispuesto en estas reglas **limita la discreción del tribunal de ordenar la asignación de oficio de un abogado o de una abogada para que represente a una persona indigente en un procedimiento judicial <u>no reconocido de forma expresa por este Reglamento si</u>, a juicio del tribunal, dicha asignación promueve la sana administración del sistema judicial y la equidad procesal entre las partes, como corolario al imperativo del acceso a la justicia**, conforme a los parámetros establecidos en este Reglamento. (Énfasis y subrayado nuestro)

Por su parte, y en lo aquí pertinente, la Regla 5 del Capítulo II intitulada *Alcance del Reglamento: procedimientos judiciales aplicables* establece que:

...

(b) *Procedimientos de naturaleza civil.* Este Reglamento aplicará a los procedimientos judiciales de naturaleza civil en los cuales se haya reconocido el derecho a la asignación de representación legal a una persona natural, así como a aquellos en los que estén implicadas las necesidades fundamentales del ser humano, los cuales incluyen, entre otros que se puedan establecer mediante directriz por la Oficina de Administración de los Tribunales, los siguientes:
...

(c) *Discreción del tribunal.* De forma excepcional, este Reglamento también aplicará, a los procedimientos judiciales no reconocidos de forma expresa en los incisos (a) y (b) de esta Regla cuando el tribunal considere que ordenar la asignación de oficio promueve la sana administración del sistema judicial y la equidad procesal entre las partes, en aras de garantizar el acceso a la justicia, conforme a los parámetros establecidos en este Reglamento. Antes de proceder con la asignación de un abogado o una abogada de oficio al amparo de este inciso, el tribunal considerará los factores establecidos en el inciso (d) de esta Regla y requerirá a la parte indigente que demuestre las gestiones realizadas para obtener la representación legal de entidades que ofrecen servicios legales gratuitos y que tales servicios fueron denegados. **La asignación de oficio no se extenderá a procedimientos judiciales en los que el abogado o la abogada pueda recibir compensación mediante honorarios contingentes o de alguna otra manera.**

En la eventualidad de que el tribunal considere asignar un abogado o abogada de oficio para fungir como defensor o defensora judicial de una persona menor de edad en un procedimiento judicial, primero deberá asegurarse de agotar el orden de preferencia para el nombramiento establecido en el Artículo 160 del Código Civil, 31 LPRA sec. 617, lo que consignará mediante orden judicial. La asignación de un abogado o una abogada de oficio como defensor o defensora judicial quedará sujeta a la determinación de indigencia. Para esta determinación, el tribunal evaluará la solvencia económica de la persona menor de edad, así como la de sus padres y madres o personas custodias para sufragar los honorarios de una

representación legal privada que realice la función de defensor(a) judicial. Además, sopesará los factores establecidos en la siguiente Regla 5(d) de esta Regla, según apliquen.

(d) *Factores aplicables a las asignaciones en procedimientos de naturaleza civil*. Previo a la asignación de un abogado o una abogada de oficio en un procedimiento judicial de naturaleza civil, el tribunal sopesará los factores siguientes:

(1) **la capacidad de la persona indigente para representarse a sí mismo de manera adecuada en el caso**;

(2) **la renuncia voluntaria de la persona indigente a ejercer su autorrepresentación**;

(3) **la inhabilidad de la persona indigente para obtener representación legal por otros medios, para lo cual acreditará al tribunal las gestiones realizadas para procurar dicha representación**;

(4) la naturaleza y complejidad de la controversia a adjudicarse, tanto legal como fáctica, incluyendo la necesidad de realizar una investigación de los hechos en controversia;

(5) la viabilidad de una pronta disposición del asunto sin necesidad de asistencia de un abogado o una abogada para la persona indigente;

(6) el potencial mérito de las reclamaciones según surge de las alegaciones, para lo cual se podrá considerar si la acción ha sido presentada previamente;

(7) la etapa procesal en la que se encuentre el caso y el efecto que la asignación de oficio tendrá en su administración;

(8) la probabilidad de que la asignación de oficio acorte el término del procedimiento judicial y asista en una justa determinación.

(9) si la asignación de oficio promueve los intereses de la justicia y el interés público, y

(10) cualquier otro factor que el Tribunal exprese que resulta apropiado conforme a las circunstancias particulares del caso en el balance de los factores antes enumerados.

… [Énfasis nuestro]

En ese sentido, la Regla 6 del Reglamento concernido establece que:

Este Reglamento aplicará a las personas naturales de escasos recursos económicos que confrontan un procedimiento de naturaleza penal o civil, según definidos en la Regla 5, y que demuestren su estado de indigencia, a tenor con el proceso establecido en los incisos (a) y (b) de la Regla 8 y las

normas adoptadas por la Oficina de Administración de los Tribunales conforme este Reglamento.

...

De igual forma, demostrada la indigencia y mientras esta subsista, a su discreción, el tribunal podrá asignar un abogado o una abogada de oficio a una parte promovida o promovente de una acción civil en la que están en controversia las necesidades fundamentales del ser humano, conforme a los parámetros establecidos en este Reglamento. No obstante, antes de esta asignación, la persona indigente deberá demostrar al tribunal las diligencias realizadas para obtener representación legal de entidades que ofrecen servicios legales gratuitos en procedimientos de naturaleza civil y que el servicio fue denegado.
    ...

**La representación por derecho propio**

La representación por derecho propio en el ámbito civil está reglamentada por parámetros procesales estatuidos en la Regla 9.4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 9.4. En lo aquí pertinente, la norma dispone:

Las personas naturales en los casos civiles ordinarios podrán autor[r]epresentarse. La persona que se autor[r]epresenta deberá cumplir con los requisitos siguientes:

(a) que la persona no está representada por abogado o abogada;

(b) que **la decisión de autor[r]epresentarse es voluntaria e inteligente**, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;

(c) **que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia** a adjudicarse;

(d) **que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable**, y

(e) que la autor[r]epresentación no va a causar o contribuir a una demora indebida o una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, las partes o sus abogados o abogadas.

**El tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso.** El

incumplimiento con alguno de estos requisitos **será causa justificada para suspender su autor[r]epresentación.** Cuando el tribunal suspenda la autor[r]epresentación de una persona, le ordenará que en determinado plazo comparezca representada por abogado o abogada.

Si una parte durante el transcurso de un proceso desea autor[r]epresentarse, deberá solicitar autorización al tribunal, pero además de cumplir con los incisos (a) al (e) de esta regla, deberá satisfacer los criterios siguientes:

(1) **que la persona ha solicitado autor[r]epresentarse** de forma oportuna, y

(2) **que la persona ha manifestado de manera expresa e inequívoca** el propósito o interés de comenzar con su autor[r]epresentación.

La persona que comparece por derecho propio está sujeta a que se le impongan las mismas sanciones que la Regla 9.3 de este apéndice provee para los abogados y abogadas, así como las consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada. El tribunal no está obligado a ilustrar a la persona que se representa por derecho propio acerca de las leyes o reglas, ni a nombrarle abogados o abogadas para que le asesoren durante el proceso, ni a inquirir respecto a las razones por las cuales ha elegido la representación por derecho propio, aunque en los casos que estime conveniente para lograr la sana administración de la justicia, deberá así hacerlo. [Énfasis nuestro]

A continuación, citamos los comentarios del *Informe de Reglas de Procedimiento Civil del Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico*, supra, sobre la auto representación pertinentes al asunto que nos ocupa. Dichos comentarios nos refieren a su procedencia, alcance e interpretación:

I. Procedencia

Esta regla proviene, en parte, del inciso (d) del Proyecto de Reglas de Procedimiento Civil de 1996.

II. Alcance

La regla es nueva.

El Comité añadió esta regla a los fines de codificar los criterios establecidos por el Tribunal Supremo en Lizarríbar v. Martínez Gelpí, [121 DPR 770 (1988)], donde reconoció el derecho a la representación por derecho propio en casos de naturaleza civil. En éste el Tribunal especificó que el derecho a representarse por derecho propio en casos de esta naturaleza no es absoluto e ilimitado por lo que **estableció una serie de criterios que deben tomarse en consideración al evaluar una solicitud de representación por derecho propio**. También indicó que s[o]lo las personas naturales pueden representarse por derecho propio, excluyendo así a las personas jurídicas.

[...]

> La exigencia de "conocimientos mínimos necesarios" implica **que la parte que pretende hacer uso de su derecho a autor[r]epresentarse** debe ser capaz de tomar parte en los procedimientos sin entorpecer ni obstaculizar indebidamente el desarrollo de los mismos.
>
> La parte que interese representarse por derecho propio **deberá presentar por escrito autorización al tribunal**. En caso de que lo autorice, el tribunal no estará obligado a orientar sobre el proceso ni las leyes aplicables al mismo.
>
> No obstante, si el tribunal lo estima conveniente, y necesario para evitar dilaciones al proceso, y porque entiende que la parte que se autor[r]epresenta carece de los conocimientos para defenderse adecuadamente, podrá revocar la autorización. [Énfasis Nuestro].

Nótese que la propia Regla 9.4, *supra*, **requiere que el tribunal se asegure** que la parte litigante en el ejercicio de su autorrepresentación entiende y conozca el alcance y las consecuencias de su comparecencia por derecho propio durante todas las etapas del litigio. Además, la disposición procesal autoriza al tribunal a suspender la autorrepresentación cuando estime que la parte litigante *pro se* ha incumplido con alguno de los requisitos antes mencionados, por lo que se entenderá que ha mediado causa justificada para la suspensión. Ahora bien, el alcance y los efectos para la persona que comparece por derecho propio son reveladores pues está sujeta a que se le impongan las mismas sanciones para los abogados y abogadas contempladas en la Regla 9.3, *supra*, así como las consecuencias procesales que las reglas proveen para las partes representadas por abogado o abogada. Es decir, aquel litigante que comparece por derecho propio, con autorización del tribunal, será tratado de la misma manera que los abogados, y, en definitiva, estará sujeto a las mismas sanciones procesales y económicas que cualquier otro abogado, sean estas económicas, la eliminación de alegaciones, la anotación de rebeldía, la desestimación de sus reclamos, entre otras.

**III.**

En su primer señalamiento de error, el peticionario señaló que erró el TPI al requerirle, bajo apercibimiento de archivo, que

demostrara las gestiones realizadas para obtener representación legal y/o comparecer representado mediante abogado. Específicamente, aduce que el foro *a quo* incurrió en un abuso de discreción al interpretar erróneamente que este había presentado una solicitud para la asignación de un abogado de oficio. El peticionario argumentó que tal proceder es erróneo toda vez que nunca sometió tal petición. Por consiguiente, sostuvo que resulta improcedente que el TPI denegara un remedio que no solicitó y que, precisamente, fundamentara la determinación en la complejidad del caso y en que alegadamente reconoció no tener conocimiento legal para representarse por derecho propio.

En el segundo error, el señor Quiñones Rivera arguyó que el foro primario incurrió en error manifiesto al expresar que existe la contratación de abogados por honorarios contingentes.

Al examinar detenidamente los reclamos que realiza el peticionario y ante el hecho de que contamos con los autos originales del caso, acogemos el auto solicitado por entender que esperar a la apelación constituiría un fracaso irremediable de la justicia. Por tal razón, ejercemos nuestra función discrecional y expedimos el auto solicitado guiado por los criterios comprendidos en la Regla 40 de nuestro Reglamento, *supra*, dado que nuestra intervención resulta oportuna en esta etapa de los procedimientos.

Respeto al primer error, el señor Quiñones Rivera entiende que el TPI infirió erróneamente que él presentó una moción para solicitar que se le asignara un abogado de oficio, según interpretó el contenido del inciso núm. 35 de la demanda.[5] De la lectura del

---

[5] En el apartado núm. 35 de la demanda se indica lo siguiente:

> EN M[É]RITO DE LO CUAL, se solicita de este Honorable Tribunal admita y declare HA LUGAR la presente Demanda, y en su consecuencia condene a los demandados a satisfacer solidaria y mancomunadamente a los demandantes la cantidad no menor de CINCO MIL D[Ó]LARES CON CERO CENTAVOS (\$5,000) como compensación por los daños, perjuicios, sufrimientos y angustias mentales causados, **y el pago de costas, gastos y honorarios de abogado en caso**

lenguaje del referido acápite, no cabe duda de que **el peticionario únicamente hizo alusión a la eventualidad de que el tribunal, por la complejidad del caso, decidiera designarles representación de oficio.**

Así pues, y evaluado el contenido del expediente, coincidimos con el planteamiento del peticionario. No surge del mismo una solicitud de su parte para que se le designe un abogado de oficio. Por el contrario, **desde su comparecencia inicial, el peticionario hizo constar que comparecía por derecho propio.**

Conforme al *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico*, supra, para que proceda la intervención del tribunal en la asignación de un abogado de oficio, se requiere que previamente se haya presentado una solicitud de parte al respecto o que se hubiese activado el mecanismo correspondiente a esos efectos. En el presente caso, ello no ocurrió. Debemos aclarar que una mención o referencia al pago de honorarios de abogado, en caso de que se determine que, dada la complejidad del caso, se requiere una designación de abogado de oficio, no equivale a que se haya presentado formalmente una solicitud para dicho propósito.

Por otra parte, es meritorio señalar que nuestro más alto foro ha sido claro en que no existe derecho a la representación legal en el ámbito civil. *Meléndez v. Caribbean Int'l. News*, supra. Sin embargo, lo que sí se reconoce es el derecho de toda persona natural a comparecer por derecho propio, sujeto a los requisitos establecidos en la Regla 9.4 de las de Procedimiento Civil, supra. **Dicha regla impone al tribunal el deber de evaluar, desde la comparecencia**

---

**de que este Tribunal, por la complejidad del caso, designe a los demandantes representación legal de oficio**, habiendo temeridad y al amparo de la 42 USC Sec. 1988, y se emita cualquier providencia que en justicia y derecho proceda. [Énfasis nuestro]

**inicial y durante todo el proceso, si la parte cumple con los criterios necesarios para autorrepresentarse de forma adecuada.**

En ese sentido y en lo aquí pertinente, **reiteramos que surge del expediente que el peticionario compareció *pro se* desde el inicio del pleito.**

Sin embargo, el Tribunal de Primera Instancia no realizó determinación alguna, conforme a la Regla 9.4 de las de Procedimiento Civil, *supra*, sobre la procedencia de dicha comparecencia, sino que centró su raciocinio en la inexistente solicitud de asignación de abogado de oficio. En este sentido, entendemos que, conforme con la inferencia errónea de la alegación núm. 35 de la demanda, es que el foro revisado razonó que el señor Quiñones Rivera reconoce que no tiene el conocimiento para representarse por derecho propio debido a la complejidad del caso.

Por ello, concluimos que el foro primario actuó prematuramente al disponer sobre un asunto no solicitado, sin antes cumplir con su deber de evaluar la comparecencia por derecho propio, conforme a la Regla 9.4 de las de Procedimiento Civil, *supra*. No obstante, debemos acentuar que el TPI correctamente señala que, por tratarse de un caso civil en el que se reclaman daños y perjuicios, no procede la asignación de oficio.

En cuanto al segundo señalamiento de error, el señor Quiñones Rivera arguye que el foro primario incurrió en error manifiesto al expresar que existe la contratación de abogados por honorarios contingentes. No le asiste la razón. Nos explicamos.

Arguye el peticionario que los abogados que litigan casos en los que se reclaman daños y perjuicios ya no convienen acuerdos de honorarios contingentes. Alega que ello se debe a los costos asociados a la litigación de estos asuntos y a la prolongada duración del proceso. No obstante, tal planteamiento carece de apoyo en nuestro ordenamiento jurídico. Contrario a lo expresado por el

peticionario, los honorarios contingentes constituyen un mecanismo plenamente reconocido y permitido para la contratación de representación legal particularmente en pleitos sobre reclamación de daños y perjuicios.

Por consiguiente, no resulta errónea la determinación del foro primario al reconocer la existencia de dicha modalidad de contratación. En consecuencia, concluimos que el TPI no incurrió en error manifiesto, ni abusó de su discreción al expresar que los acuerdos de honorarios contingentes constituyen una alternativa válida para obtener representación legal en reclamaciones de daños y perjuicios.

En fin, nos resulta forzoso colegir que el TPI actuó de forma prematura al emitir un dictamen sobre un asunto sin que ello fuese solicitado. Máxime, sin antes haber determinado y evaluado, si conforme a la Regla 9.4 de las de Procedimiento Civil, *supra*, procedía la comparecencia por derecho propio del peticionario. Por lo anterior, procede devolver el caso al foro primario, para que este realice la evaluación correspondiente.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la *Resolución* recurrida y; en consecuencia, se devuelve el caso al TPI para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones